UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN BROSNAN and GEORGE
MANOLIOS,

       Plaintiffs,

                                                  Civil Case No. 17-10364
                                                  Honorable Linda V. Parker

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, JOSEPH
NARRA, JOHN DOE, GREGORY S. BOBCHICK,
GREGORY A. BOBCHICK, DAWN BOBCHICK,
ROBERT CERRITO, and
CITIZENS INSURANCE COMPANY
OF THE MIDWEST,

       Defendants.
_____/

**OPINION AND ORDER OF PARTIAL REMAND**

This lawsuit arises from a tragic automobile accident on May 8, 2015, in which Jonathan V. Manolios ("Jonathan") and two other individuals were killed. In a Complaint originally filed in the Circuit Court for Macomb County, Michigan on December 28, 2016, Jonathan's father, George Manolios ("Mr. Manolios"), and the personal representative of Jonathan's estate, Martin Brosnan (collectively "Plaintiffs"), alleged various state law claims against Defendants related to the accident. Specifically, Plaintiffs claim:

I. Wrongful death- negligence and/or gross negligence against Joseph Narra ("Narra"), the driver of the automobile, and Gregory S. Bobchick ("Bobchick Jr."), the front seat passenger and alleged legal and/or constructive owner of the automobile.

II. Owner liability under Michigan Compiled Laws § 257.401 against Robert Cerrito, the registered owner of the vehicle, and Gregory A. Bobchick ("Bobchick Sr.") and Dawn Bobchick ("Mrs. Bobchick"), who took possession of and payment over the automobile and are the parents of Bobchick Jr.

III. Negligent entrustment against Bobchick Jr., Bobchick Sr., and Mrs. Bobchick.

IV. Social host liability against John Doe, Bobchick Sr. and Mrs. Bobchick based on their alleged supply of a controlled substance and/or alcohol to Narra prior to the accident.

V. Breach of contract against the Prudential Insurance Company of America ("Prudential") for failing to pay Mr. Manolios dependent accidental death and dismemberment benefits pursuant to an insurance plan.

VI. Under-insured/uninsured motorist benefits coverage against Citizens Insurance Company of the Midwest.

On February 3, 2017, Prudential removed Plaintiffs' Complaint to federal court on the basis of a federal question with respect to the breach of contract claim against it, 28 U.S.C. § 1331.  Prudential asserts that the insurance policy pursuant to which Plaintiffs seek benefits is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and therefore

2

ERISA completely preempts their state law breach of contract claim. Prudential maintains that the remaining claims in the Complaint do not arise out of the same case or controversy as the ERISA claim and should be severed and remanded to state court. This Court agrees.

Plaintiffs' Complaint, on its face, alleges claims arising only under state law. Under the "well-pleaded complaint" rule, then, this case could not have been removed from state to federal court as involving claims "arising under" federal law, *see* 28 U.S.C. § 1331, 1441(a), because federal question jurisdiction ordinarily "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. (footnote omitted).

Nevertheless, there is " 'an independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine." *Id*. at 393 (internal citation omitted). As the Supreme Court explained, this doctrine applies where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (internal quotation marks and citation omitted). "ERISA is one of these statutes" that "completely pre-empts [certain]

state-law cause[s] of action," such that "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal quotation marks and citation omitted).

The doctrine of complete preemption does not reach all claims that are connected in any way to an employee benefit plan governed by ERISA, however. While ERISA includes preemption provisions that are "deliberately expansive," such that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA," state law claims are not preempted "where their effect on employee benefit plans is merely tenuous, remote, or peripheral." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003) (internal quotation marks and citations omitted). The ordinary or "express" preemption triggered by ERISA "does not provide a basis for removal because it creates only a traditional preemption defense." *Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016).

Only a claim that lies within the scope of ERISA's "integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a)," is subject to the "stronger" preemptive force reflected in the doctrine of complete preemption and is thereby "removable to federal court" as a claim arising under federal law. *Aetna Health*, 542 U.S. at 208-09 (internal quotation marks and citation omitted). More specifically, a state-law claim is completely preempted as within the scope of

4

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), if "(1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA of the plan terms." *Hogen*, 823 F.3d at 879 (internal quotation marks and citations omitted).

Plaintiffs' breach of contract claim against Prudential falls within this section: Plaintiff is attempting to recover benefits for a beneficiary, Mr. Manolios, under the terms of an ERISA-governed insurance plan. ERISA, therefore, completely preempts the claim. Because this claim arises under federal law, Prudential properly removed the entire action to federal court. *See* 28 U.S.C. § 1441(c)(1)[1] This does not mean, however, that the entire action should remain here.

---

[1] 28 U.S.C. § 1441(c) provides:

> (1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

Pursuant to § 1441, "claim[s] not within the original or supplemental jurisdiction of the district court" must be "sever[ed] from the action … and … remanded to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). The remaining state law claims in Plaintiffs' Complaint are not within the original jurisdiction of the district court. Nor do they fall within the district court's supplemental jurisdiction, as they are not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiffs' claim against Prudential turns on different facts and circumstances than their state law claims against the remaining defendants.

Accordingly,

**IT IS ORDERED**, that all counts alleged in Plaintiffs' Complaint, except Count V against Prudential are **REMANDED** to the Macomb County Circuit Court.

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: February 21, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 21, 2017, by electronic and/or U.S. First Class mail.

    s/ Richard Loury
    Case Manager